F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VALLEE KENT FLEMMING,

Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION
OF AMERICA; CURTIS BAKER,
Medical Administrator for CCA;
HUSSEIN TORBATI, Physician's
Assistant for CCA; RENE WATKINS,
Deputy Warden for CCA;
DR. STORY,

Defendants - Appellees.

No. 02-6328
(D.C. No. 01-CV-1615-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Vallee Kent Flemming, proceeding pro se, appeals from the district court's order entering summary judgment in favor of defendants in this 42 U.S.C. § 1983 action alleging that Flemming's constitutional rights were violated while he was an inmate at the Cimarron Correctional Facility in Cushing, Oklahoma. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand this matter to the district court for further proceedings.

In his complaint, plaintiff alleged that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with adequate medical care between October 1999 and September 2001. In his supplemental report and recommendation, the magistrate judge, after thoroughly summarizing plaintiff's prison medical records, R., Doc. 44 at 4-12, recommended that summary judgment be entered in favor of defendants on plaintiff's Eighth Amendment claim, concluding that the undisputed facts showed that defendants were not deliberately indifferent to plaintiff's medical needs, *id.* at 12-14. The district court adopted the magistrate judge's recommendation, and the court entered judgment in favor of defendants on plaintiff's Eighth

Amendment claim and dismissed plaintiff's state law claims without prejudice. *Id.*, Doc. 48 at 2-3 and Doc. 49.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000) (quotation omitted). Because plaintiff appears pro se, his pleadings must also be read liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam). Having conducted the required de novo review, we agree with the district court that defendants were entitled to summary judgment on plaintiff's Eighth Amendment claim, and we therefore affirm the entry of summary judgment on plaintiff's Eighth Amendment claim for substantially the same reasons relied on by the district court.

We also conclude, however, that, in addition to the claimed Eighth Amendment violation concerning the medical care he received, plaintiff asserted two additional claims in his complaint. First, plaintiff alleged that, on February 26, 2001, defendant Torbati placed him in a "medical lock down cell" after plaintiff refused to allow defendant Torbati to catheterize him to obtain a urine sample. R., Doc. 1 at 9, ¶¶ 53-59. Second, plaintiff alleged that defendants Torbati and Baker used coercion, intimidation, and threats to force him to consent to the catheterization procedure, and, while he ultimately gave his consent, plaintiff claims his consent was coerced and thus involuntary. *Id.* at ¶¶ 61-91.

Defendants did not address either of these claims or the underlying factual allegations in their summary judgment brief and supporting affidavits. As a result, these claims raised issues of fact that were not rebutted in defendants' motion for summary judgment. Likewise, the district court overlooked these claims when it entered summary judgment in favor of defendants Torbati and Baker. Accordingly, the district court erred in granting summary judgment in favor of defendants Torbati and Baker despite these unresolved claims, and we therefore remand the two unresolved claims to the district court for further proceedings. In light of this disposition, we also vacate the dismissal of plaintiff's state law claims, and the district court will need to reconsider whether to exercise supplemental jurisdiction over the state law claims on remand.

The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART, and this matter is REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge